Darya S. Druch (SBN 135827)
Attorney at Law
One Kaiser Plaza, Suite 480
Oakland, CA 94612
Phone:(510)465-1788
Fax: (510)874-7219
Email: darya@daryalaw.com

Attorney for Defendant
Giuseppe Ressa

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Giuseppe Ressa<br><br>Debtor<br>_____<br>Kevin Traylor<br><br>V.<br><br>Giuseppe Ressa | Case No.: 10-31376<br><br>Chapter: 7<br><br>AP: 10-03095<br><br>MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND POINTS AND AUTHORITIES THEREON<br><br>Date: August 13, 2010<br>Time: 10:00 a.m.<br>Place: 235 Pine Street<br>22nd Floor<br>San Francisco, CA 94120 |

Chapter 7 debtor and defendant Giuseppe Ressa ("Ressa") respectfully moves this court under F.R.B.P 7012(b)(6) for an Order dismissing the Complaint filed June 7, 2010 by plaintiff Kevin Traylor ("Traylor") on the grounds that Traylor has not alleged facts sufficient to state a claim for relief. The complaint seeks relief solely pursuant to 11 U.S.C section 523(a)(2)(A). As more fully explained below, Traylor's complaint does not allege facts sufficient to state a claim for relief in that he has a) failed to allege fraud with the requisite specificity and b) that all his

- 1

facts if taken as true state a claim for breach of contract which is not non dischargeable under 11 USC section 523(a)(2).

FACTUAL SUMMARY

The debtor filed a chapter 7 petition on April 19, 2010. The deadline for filing objections to the dischargeability of any debt is set to run July 26, 2010. As of the date this motion is filed no adversary proceeding other than the action by Traylor has been filed. The chapter 7 trustee filed a Report of No Distribution on June 14, 2010. The instant litigation was initiated by Traylor with the complaint filed on June 7, 2010. The sole cause of action is brought under 11 USC section 523(a)(2).

The Complaint's list of "Facts" (paragraphs 9 – 17 of the Complaint) alleges a series of loans initiated either orally or by Promissory Notes, and with respect to each of these loans the complaint alleges that "Ressa has failed and refused to pay" (See, paragraph 9 page 3 line 22; Paragraph 10 line page 4 line 1; paragraph 11 page 4 line 10; paragraph 14 page 5 line 13-14). The Complaint further sets forth a series of forbearance agreements between the parties over a period from 2003 through 2007, at each time presumably, Traylor could have ceased loaning money or otherwise investing in projects with Ressa, but yet voluntarily he chose to continue the relationship. There are no facts alleged in the Complaint that satisfy the requirement of 11 USC Section 523(a)(2)(A) that the debtor obtained funds by "false pretenses, a false representation or actual fraud".

ARGUMENT

I. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which the court must accept as true, to "state a claim to relief that is plausible

on its face." Ashcroft v. Iqbel, __ U.S. __, 129 S.Ct. 1937, 1949-50. Facial plausibility is present where the plaintiff pleads facts that allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Id. More than a "sheer possibility" that a defendant has committed wrongdoing is required. Id. Conclusions of law and unreasonable inferences or unwarranted deductions of fact are not admitted. Id. "A formulaic recitation of the elements of a cause of action will not do." Id. As will be discussed below, the only reasonable inference from the facts alleged in this case is that the debtor breached a contract with the Plaintiff, not committed a fraud.

## II. TRAYLOR HAS NOT ALLEGED A CLAIM FOR RELEIF UNDER 523(a)(2)

Federal Rule of Bankruptcy Procedure 7012(b) governs this court's review of Traylor's complaint. F.R.B.P 7012(b) requires that the complaint by construed in the light most favorable to the Plaintiff, and that well pleaded allegations be taken as admitted. Russell v. Landrieu, 621 F. 2d 1037, 1039 (9th Cir. 1980). Conclusions of law and unreasonable inferences or unwarranted deductions of fact are not so admitted. Hilary Dairy v. Kroger, 402 F.2d 968 (8th Cir. 1968), *Cert. denied*, 395U.S. 961, 89 S.Ct 2091 (1969). The same holds true for vague, conclusory allegations. See, Briscoe v. La Hue, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*, 460 U.S. 325, 103 S. Ct. 1108 (1983). However, it should be noted that section 523 is to be construed strongly in favor of the Debtor. In re Su, 290 F.3d 1140 (9th cir. 2002).

In addition, circumstances constituting fraud must be stated with particularity. See, e.g., F.R.B.P 7009; Moore v. Kayport Package Express, 885 F.2d 531, 540 (9th Cir. 1989). Allegations of fraud must include the time, place and content of the alleged fraudulent representation, and facts alleged upon information and belief must be accompanied by the specific facts upon which the belief is based. *Ibid.*

- 3

Traylor's alleged fraud claim does not state a claim for relief. Section 523(a)(2)(A) requires that Traylor establish that: 1) the debtor made a representation; 2) the debtor knew at the time the representation was false; 3) the debtor made the representation with the intent and purpose of deceiving the creditor; 4) the creditor relied on the representation; and 5) the creditor sustained damages as a proximate cause of the representation. In Re Jung Sup Lee, 335 B.R. 130 (9th cir BAP, 2005), In re Tobin, 258 B.R. 199, 203 (Bankr. 9th Cir. 2001), In Re Qari 357 B.R. 793 (Bankr. N.D. Cal 2006, J. Tchaikovsky). These allegations must be pled with particularity.

Traylor does not satisfy these requirements in the least. No specific misrepresentations are set forth in the Complaint only a series of transactions that Traylor was free to not enter into at any time. There is nothing in the Complaint that shows that the Debtor retained any of the properties which were related to the alleged oral and written loans identified in the complaint. The critical inquiry under section 523(a)(2) is intent to defraud not intent to pay. Oney v. Weinberg 410 B.R. 19 (9th Cir. BAP, 2009).

The complaint is plainly an attempt to "bootstrap" a breach of contract claim into a fraud claim by merely using the words "Ressa had no intention of properly investing Traylor's money or repaying Traylor as promised" (see, Paragraph 21 ,page 7 line 24). Without some specific evidence of fraudulent intent or active misrepresentation, this statement is meaningless. Without more specific allegations, every breach of contract, every deal gone sour, would be the subject of a fraud case, because the "true intentions" of the debtor should be obvious by the fact that the deal collapsed! This is ludicrous. Another bankruptcy court posed this issue thus: "Plaintiff's complaint does not allege fraud….with the requisite particularity. There are no allegations concerning the who, what, when ,where or how of any representations made to the

- 4

plaintiff or how there might be any falsity involved. At the most there is only an allegation concerning an understanding as to how part of the loan proceeds were to be used, which was not observed. While those allegations might be sufficient to suggest a breach of contract, they are not sufficient to allege fraud." In re Eisaman, 387 B.R. 219, 223 (Bank. N.D. Ind, 2008).

Assuming, for purposes of this motion that all the facts alleged in the complaint are true (i.e.: loans were made with the specific intent to be related to specific projects and that the loans were not repaid) these facts do not provide any legal basis for bringing a fraud claim and they are not specific enough to be responded to with any particularity and required by Rule 7009(b).

In the 9th circuit fraud for purposes of a 523(a)(2) action cannot be implied by law or be based upon the imputation of bad faith. There is no separate cause of action for false pretenses or false representation. There must be actual fraud. In re Anastas, 94 43d 1280 (9th Cir, 1996), In Re Sandoval 341 B.R. 282 (Bank. C.D. Cal 2006)

Although the Complaint is fashioned to only cover 523(a)(2)(A) the body of the complaint could be read to infer that an allegation is made that Ressa made written false representations. If that inference is correct and the complaint attempts to state a cause of action under 523(a)(2)(B) that cause of action should be dismissed as well. To the extent Traylor asserts a claim for materially false written statement under section 523(a)(2)(B) -- the complaint does not specify whether or not it is so alleged – such a potential claim would be similarly defective. The elements of a claim under section 523(a)(2)(B) are as they are for 523(a)(2)(A): (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, [and] (7) that damage proximately resulted from the representation." Candland v. Insurance Co. of N. America (In re Candland), 90

- 5

F.3d 1466, 1469 (9th Cir. 1996). In this case there is no specific writing of Ressa's, other than the promissory notes he signed, which the facts in the complaint could be deemed to contain specific misrepresentations. Only vague, conclusory allegations, without reference to specific written misrepresentations, are insufficient to withstand a motion to dismiss..

### III. TRAYLOR FAILED TO ALLEGE A CLAIM UNDER 523(a)(6)

The complaint does not specifically raise code section 523(a)(6) except in the prayer for relief in which Traylor uses the term "willful and malicious conduct". There are no specific allegations in the body of the Complaint that raise this code section as a basis for non dischargeability of the debt, and even in the prayer for relief the terms is used in connection with 523(a)(2)(A) not (a)(6). However, giving the inclusion of this term in the prayer for relief its most generous interpretation, that Traylor was intending to allege a 523(a)(6) allegation – it too is not accompanied by any facts to show a specific intent to injure, as opposed to a specific intent to act. To satisfy the code section, the conduct in question requires deliberate intent to injure. See, e.g. <u>Kawaauhau v. Geiger</u> 523 U.S. 57, 61, 118 S. Ct. 974, 140 L.Ed2d 90 (1998), <u>In re Peklar</u>, 260 F.3d 1035, 1038 (9th cir. 2001), <u>In Re Su</u>, 290 F.3d 1140 (9th cir. 2002), Nguyen v. Pham, 2009 Bank, Lexis 3301 (N.D. Cal, 2009 J. Carlson).

Under these cases, the cause of action rises and falls on a determination that the debtor subjectively intended to harm the creditor or had the subjective belief that harm was substantially certain. There are no facts in the complaint that would tend to prove any such willful intent to injure. Therefore, Traylor's allegations do not satisfy the 523(a)(6) standard and no such cause of action should be implied if the case is allowed to proceed.

## IV. ALTERNATIVELY, A MORE DEFINITE STATEMENT OF CLAIMS IS REQUIRED.

As alternative relief, this Court should compel Traylor to provide a more definite statement under Rule 12(e) regarding the particular wrongdoing Ressa is alleged to have committed in dealing with Traylor. A motion for more definite statement should be granted where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," (Fed.R.Civ.P. 12(e)), which fairly well describes the allegations contained in this adversary complaint.

## V. PRAYER FOR RELIEF

WHEREFORE, Ressa request that this Court enter an order dismissing Traylor's complaint or, in the alternative, he be compelled to provide a more definite statement of his claims, after which Ressa be given an adequate period of time to respond, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: July 16, 2010

/s/ Darya S. Druch
_____

Darya S. Druch
Attorney for Defendant Giuseppe Ressa